UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| RODGER LEE COX, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-P228-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHRISTOPHER M. RAKES *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Motions for Summary Judgment filed by

Defendants Allen Newton, Ray Gardner, Mark Dickens, Bobby Gribbins, Brandon Wilson, and

Brian Pickard [R. 220], by Defendants Christopher and Jimmy Rakes ("Rakes Defendants")

[R. 223], and by *pro se* Plaintiff Rodger Lee Cox (Cox) [R. 224].[1]  The Rakes Defendants also

filed a motion to adopt [R. 222] Defendants Newton, Gardner, Dickens, Gribbins, Wilson, and

Pickard's Motion for Summary Judgment.  Also pending are several motions for discovery filed

by Cox. [R. 209; R. 216; R. 227]. Upon consideration, the Court will grant the Rakes

Defendants' Motion to Adopt; deny Defendants' Motions for Summary Judgment pertaining to

the vehicle search on April 3, 2018, and deny their Motions without prejudice in all other

respects; deny Cox's Motion for Summary Judgment and motions for discovery without

prejudice; and refer this matter to a magistrate judge for further development.

---

[1] It is unclear to the Court whether Cox's Motion for Summary Judgment is also meant to be a response to
Defendants' Motions for Summary Judgment.  Given Cox's *pro se* status, the Court will consider it to be
both a motion and response.

## I.  STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof. *Id.*  Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*.  If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc*., 738 F. Supp. 214, 217 (E.D. Mich. 1990).  If the non-moving party fails to do so, the moving party is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted).

### III.  ANALYSIS

In the complaint [R. 1] and its amendments [R. 15, 32, 33, 34, 39, 41, 51, 84, 142, 145, 170, and 177], Cox claims a conspiracy among Defendants to conduct illegal searches of his property and to kill him.  He raises Fourth Amendment challenges to searches conducted on April 3, 2018, and April 5, 2018.

As to the first search on April 3, 2018, Cox challenges the search of his vehicle at a convenient store in Taylor County, Kentucky.  In their Motions for Summary Judgment, Defendants do not dispute Cox's factual allegations.  They, instead, rely entirely on the legal argument that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars his Fourth Amendment claim.

In *Heck*, the Supreme Court instructed that a plaintiff could not bring a § 1983 action if a favorable judgment "would necessarily imply the invalidity of his conviction or sentence; if [so], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by executive order, reversal on direct appeal, or writ of habeas corpus.  *Id.* at 487.  The *Heck* rule, which precludes a prisoner's use of § 1983 to collaterally attack an outstanding conviction, exists to preserve the "finality and consistency" of convictions.  *Id.* at 485.  Thus, the Court must determine whether success on Cox's claim would necessarily imply the invalidity of his conviction. *Id.* at 487.

Defendants state that Cox pleaded guilty on February 7, 2019, to the burglary of items from Defendant Christopher Rakes' home.  [R. 220, p. 5]; *see also* [R. 220–2, Ex. A, p. 2, 50:13–16].  Defendants argue that the evidence from the alleged improper search of Cox's vehicle on April 3, 2018, was the basis of the charges to which he pleaded guilty and, thus, a determination in this case that the April 3, 2018, search was unlawful "would necessarily impugn [Cox's]

conviction for the burglary because it relies upon the evidence seized during the search." [R. 250, pp. 5–6].

In a well-known footnote, however, the *Heck* Court noted that even if successful, some Fourth Amendment claims brought under § 1983 "would not *necessarily* imply that the plaintiff's conviction was unlawful" due to doctrines like independent source, inevitable discovery, and harmless error. *Heck*, 512 U.S. at 487 n.7. Consequently, *Heck* only bars § 1983 Fourth Amendment claims "where the contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion." *Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008) (citations omitted). Sixth Circuit case law aligns with that holding, "placing the onus on the district court to assess on a case-by-case- basis whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction." *Id.* at 391–92 (citations omitted).

Here, Defendants have not shown that the evidence from the April 3rd search of Cox's vehicle is the *only* evidence supporting his burglary conviction. Other evidence against Cox includes eyewitness Kevin Boone,[2] who reported to the police that he observed "a red extended cab Ford Ranger with a step side bed and a white male subject tall and thin, brown hair and wearing a blue shirt." [R. 220–7, Ex. F, p. 10]. Cox was then later seen at a Mexican restaurant and the convenient store driving the vehicle matching Boone's description. [R. 224–1, p. 9]. Further, Christopher Rakes' property recovered from the April 5, 2018, incident would be additional evidence, if not suppressed, supporting Cox's burglary conviction. [R. 220–1, p. 7].

---

[2] In a Crime Supplement dated April 5, 2018, Deputy Knopp identifies the witness as "Kenneth Boone." [R. 220–7, Ex. F, p. 12].

*Heck*, therefore, does not bar Cox's Fourth Amendment claim related to the April 3rd search, and the Court will deny Defendants' Motions for Summary Judgment as to that argument.

Having found *Heck* inapplicable, the Court notes that there appear to be disputed issues of fact related to the April 3, 2018, vehicle search. For instance, Cox claims he never gave consent to search his vehicle at the convenient store, *see* [R. 169, pp. 2–3], but Defendants assert that Cox consented to the search, and that he was read his Miranda rights once he was arrested. [R. 224–2, pp. 10, 12]. Christopher Rakes denies participating in the search, but Cox asserts that Officer Newton allowed Christopher Rakes to search the vehicle and that Cox observed Christopher Rakes place evidence in the vehicle after it had been searched multiple times without anything being found. [R. 224–2, pp. 11, 27]. Further, despite Defendant Wilson reporting that Cox's truck did not have any suspicious items in it when he searched it at the Mexican restaurant, *see* [R. 220–7, Ex. F, p. 12], he later answered in the affirmative, advising that he could not determine that the belongings were stolen until they were identified by victim Chris Rakes, when responding to an interrogatory asking whether he found anything stolen in the vehicle at the Mexican restaurant. [R 224–2, pp. 13–14]. Put differently, despite nothing being found in Cox's truck during Wilson's first search, stolen property was allegedly found in the subsequent search, which occurred with the assistance of victim/Defendant Chris Rakes. In addition, Cox claims that Defendant Gardner called eyewitness Kevin Boone, using Defendant Christopher Rakes' cell phone, while at the convenient store and described Cox's appearance to Boone. [R. 41, p. 2]. Defendant Gardner and Christopher Rakes' have varying accounts on

whether Defendant Gardner called or talked to Boone using Christopher Rakes' cell phone.[3] *See* [R. 220–4, Ex. C, p. 2; R. 224–2, pp. 17–18].

Regarding the remaining grounds argued in the Motions for Summary Judgment (*i.e.*, the April 5, 2018, search of property at 70 Upper Stoner Creek Road and drone search; the civil conspiracy; and whether the Rakes Defendants were state actors), the Court will deny those without prejudice as the factual record has not been sufficiently developed to allow the Court to rule on those issues. For example, Cox filed requests for discovery regarding Defendant Pickard [R. 209; R. 210], to which Defendants did not respond. In his Motion for Summary Judgment/ Response to Defendants' dispositive motions, Cox indicates that he did not receive other discovery requested, such as body cam footage from the searches and photos of the alleged stolen property collected from the April 5th search or from the stop at the Mexican restaurant. [R. 224, pp. 6–7; R. 224–1, pp. 8–10]. In the record, he further indicates that he has not received cell phone records from Christopher Rakes' phone; the name of the informant who gave the Rakes Defendants the tip that the alleged stolen property was located at 70 Upper Stoner Creek Road; and body/dash cam footage, images, and records regarding the operation of the drone on April 5, 2018. [R. 217]. Additionally, it appears that other than Cox, no witnesses, including the Defendants, have been deposed and that interrogatory answers by Defendants are vague and sometimes unresponsive.

The Court notes, however, that even based on the scant record evidence, it appears that genuine issues of material fact may exist on several issues. These issues include, but are not limited to, whether Boone was called from the gas station and by whom and what he was told;

---

[3] The Court notes that in discovery requests to various Defendants, including Gardner and Christopher Rakes, Cox refers to "Kenneth Boone," not "Kevin Boone." *See, e.g.*, [R. 224–2, p. 2].

how the Rakes Defendants allegedly arrived at the property where the April 5th search occurred, as Cox claims that the Rakes Defendants followed him after his release from jail but Christopher Rakes claims that he received a "tip" about the location of his stolen property; whether items were seen "in plain view" at the property on April 5th at around 10:00 p.m.[4] and what items in particular were seen that were connected to the burglary at Christopher Rakes' house; and whether the Rakes Defendants acted in concert with law enforcement during the searches in question and in firing a gun(s) during the second search (the Rakes Defendants claim only one shot was fired while Cox and interviews/statements from other persons on the property, residents Robey and Hardesty and visitor Viers, indicate that multiple shots were fired at them and that a couple of them were held at gunpoint).

In light of the insufficiently developed record, Cox's pending discovery motions, filed before expiration of the discovery deadline, Defendants' failure to respond to such motions, and discovery requests not provided to Cox despite his repeated requests (e.g., body cam video, photos of evidence, cell phone records, etc.), the Court will refer this matter to Magistrate Judge Colin H. Lindsay for the purposes of holding a telephonic status conference to determine whether counsel should be appointed for Cox, whether additional discovery should be allowed on an expedited basis, and for conducting any other pretrial and scheduling matters warranted in

---

[4] Attached to Defendants' Motion for Summary Judgment is a "CAD Detail" incident report that indicates the incoming 911 call was made by "Chris Raikes" on "05-Apr-18 20:49:00."  [R. 220–6, Ex. E, p. 1].

this case. *See* Fed. R. Civ. P. 56(d)[5] and 56(e)(4);[6] *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) ("Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."); *Fields v. Baseline Properties, LLC*, No. CIV-19-864-D, 2020 WL 10790293, at *3 (W.D. Okla. July 10, 2020) (citing Fed. R. Civ. P. 56(e)(4)) ("This denial is without prejudice to resubmission of a motion with proper evidentiary support after further factual development and continued discovery.").

### III. ORDER

For the reasons stated above and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The Rakes Defendants' Motion to Adopt [R. 222] Defendants Newton, Gardner, Dickens, Gribbins, Wilson, and Pickard's Motion for Summary Judgment is **GRANTED**.

---

[5] Under Rule 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). While the nonmoving party usually must file a formal affidavit that states "the materials [it] hopes to obtain with further discovery," *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (citation omitted), Rule 56(d) is also satisfied if the party complies with its "substance and purpose" by "informing the district court of her need for discovery prior to a decision on the summary judgment motion." *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (internal quotation marks and formatting omitted). Rule 56(d) "offers the Court broad discretion to grant or deny additional time before ruling on summary judgment so long as its decision is not 'arbitrary, unjustifiable, or clearly unreasonable.'" *Baker v. Jordan*, No. 3:18-CV-471, 2021 WL 3782896, at *2 (W.D. Ky. Aug. 25, 2021) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)). Here, Cox is proceeding *pro se*, has identified in his Motion for Summary Judgment/Response to Defendants' Motions for Summary Judgment specific discovery that he has not been provided, and he has been diligent in his pursuit of discovery.

[6] Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order."

2.  Defendants' Motions for Summary Judgment [R. 220; R. 223] and Cox's Motion for Summary Judgment [R. 224] are **DENIED without prejudice**.

3.  Cox's motion "Asking to be able to Pro-Pound The First Set of Admissions And; Interrogatories on Brian Pickard Defendant" [R. 209], motion for cell phone records and the name of the informant [R. 216], and "Motion Asking to Add to Defendants Answers to Admissions and; Interrogatories Addendum" [R. 227] are **DENIED without prejudice**.

4.  This matter is **REFERRED to Magistrate Judge Colin H. Lindsay** pursuant to 28 U.S.C. § 636(b)(1)(A), for the purposes of:

 a.  Holding a telephonic status conference to determine:

  i.  Whether counsel should be appointed for Cox; and

  ii.  Whether additional discovery should be allowed on an expedited basis

 b.  Conducting any other pretrial and scheduling matters warranted.

This the 31st day of March, 2022.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
  Counsel of record
A958.005

9